IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL RALPH BENEDICT,

    Plaintiff,

  v.

TILLMAN, Director of Corrections,

    Defendant.
                                  /

No. C 07-06259 CW (PR)

ORDER REGARDING IN FORMA PAUPERIS MOTION

    Plaintiff, a state prisoner, filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983. He has also filed an application to proceed <u>in forma pauperis</u> (IFP). However, Plaintiff filed a Notice of Change of Address requesting the Clerk of the Court to forward all documents to 2843 Vallecito Place, Oakland, California 94606, which the Court assumes is his home address because Plaintiff does not specify that he was transferred to another institution.

    Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. <u>See</u> 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. <u>See</u> 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. <u>See</u> <u>id.</u> However, if a prisoner who seeks leave to

proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted. See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the Court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon any prior IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Therefore, Plaintiff's motion for leave to proceed IFP is TERMINATED as moot. Plaintiff shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

2

Accordingly, Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP. Plaintiff shall answer all questions and shall include Plaintiff's name and case number C 07-06259 CW (PR) on the attached application. Plaintiff shall file his completed application within <u>thirty (30) days</u> of the date of this Order.

The Clerk of the Court shall send Plaintiff a blank non-prisoner IFP application form along with a copy of this Order.

The Court reminds Plaintiff it is his responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

<u>Failure to file a completed non-prisoner IFP application form as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice.</u>

IT IS SO ORDERED.

Dated: 3/17/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MITCHELL R. BENEDICT,

        Plaintiff,

  v.

DIRECTOR OF CORRECTIONS et al,

        Defendant.

Case Number: CV07-06259 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mitchell Ralph Benedict K37907    w/non-prisoner IFP app.
2843 Vallecito Place
Oakland, CA 94606

Dated: March 17, 2008

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk