1

2

3                        IN THE UNITED STATES DISTRICT COURT

4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

5
   MITCHELL R. BENEDICT,                    No. C 07-06259 CW (PR)
6
            Plaintiff,                      ORDER DISMISSING COMPLAINT WITH
7                                           LEAVE TO AMEND
       v.
8
   TILLMAN, Director of Corrections,
9
            Defendant.
10
   _____/
11

12                              INTRODUCTION

13      Plaintiff Mitchell R. Benedict, who is currently an inmate at

14  the Alameda County Jail, has filed a pro se civil rights action

15  pursuant to 42 U.S.C. § 1983 alleging constitutional violations

16  stemming from his incarceration at San Quentin State Prison (SQSP).

17  He has been granted leave to proceed in forma pauperis.

18      Venue is proper in this district because the acts complained

19  of occurred in Marin County.  28 U.S.C. § 1391(b).

20                              BACKGROUND

21      Plaintiff raises two claims: (1) that he was denied adequate

22  medical and dental care; and (2) that inmates at SQSP are subjected

23  to "cruel and unusual punishment and living conditions."  (Compl.

24  at 3a-3b.)

25  I.  Denial of Adequate Medical and Dental Care

26      According to the allegations in the complaint, Plaintiff was

27  "provided a dual diagnosis of Depression/Paranoid Schizophrenia" in

28  July, 2007.  (Id.)  On August 6, 2007, Dr. Ponath began giving

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff medication.  (<u>Id.</u>)  However, Plaintiff's medication was "stopped" on November 17, 2007 "with no examination or explanation, despite [Plaintiff's] repeated requests for continued psychiatric care and medication."  (<u>Id.</u>)

Plaintiff claims that he "underwent two (2) surgical procedures:  one to remove scalp cysts on 10/01/2007; the other on 10/19/2007 to drain a staph abcess [sic] contracted on gym floor." (<u>Id.</u>)  SQSP medical staff failed to provide follow-up examinations. (<u>Id.</u>)  He alleges that "suture removal and dressings were left, by necessity, to [Plaintiff's] own devices."  (<u>Id.</u>)

Petitioner claims that, prior to July, 2007, he submitted a request for a "decayed tooth" to be removed.  (<u>Id.</u>)  He was "seen and scheduled" on October 23, 2007; however, he claims the tooth was never removed.  (<u>Id.</u>)

II.  Inadequate Living Conditions

Plaintiff claims that during his incarceration at SQSP, he was housed in a "gymnasium dormitory."  (<u>Id.</u> at 3b.)  He alleges that he was subjected to indoor temperatures of forty-five degrees Fahrenheit or less during the winter.  (<u>Id.</u>)  He also alleges that "Sergeant Ratliff (2nd watch gym supervisor) and others subjected [Plaintiff] and thirteen (13) other inmates to strip and cavity search outdoors as a form of group punishment for attempting to recycle cardboard left on dining tables."  (<u>Id.</u>)  Plaintiff claims that in October, 2007, the fire marshals ordered the removal of fifty bunks for "safety reasons."  (<u>Id.</u>)  However, the bunks were returned seven days later.  (<u>Id.</u>)

Plaintiff seeks "ongoing medical care, adequate housing, and any other remedy the Court may deem just and fit."  (<u>Id.</u> at 3.)

2

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  It its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Plaintiff's Claims

A.   Claim for Injunctive Relief

The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.  Flast v.

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is

requested, questions of mootness are determined in light of the

present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528

(9th Cir. 1996).

When an inmate has been transferred to another prison and

there is no reasonable expectation nor demonstrated probability

that he will again be subjected to the prison conditions from which

he seeks injunctive relief, the claim for injunctive relief should

be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69

(9th Cir. 1995).  A claim that the inmate might be re-transferred

to the prison where the injury occurred is too speculative to

overcome mootness.  Id.

Although Plaintiff was previously incarcerated at SQSP, his

transfer to Alameda County Jail rendered moot his claim for

injunctive relief against SQSP officials based on inadequate living

conditions as well as the denial of adequate medical and dental

care.  See id.  Accordingly, Plaintiff's action for injunctive

relief is dismissed without prejudice to bringing it in as a new

action against jail officials at Alameda County Jail, if the

alleged denial of adequate medical and dental care is continuing at

his current place of incarceration.

B.   Claims for Monetary Damages

Plaintiff's transfer did not render moot any claims for

monetary damages against SQSP officials.  If Plaintiff wishes to

bring such claims, he should amend his complaint to state that he

seeks damages, and to allege specifically how each named defendant

actually and proximately caused the deprivation of a federally

4

protected right, as directed below.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

III. Defendants

     In the section of the complaint form where Plaintiff is asked to write the names of all Defendants, he names "Director of Corrections Tillman."  (Id. at 3.)  However, Defendant Tillman is not linked specifically to the allegations in the body of the complaint.

     Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer, 844 F.2d at 634; Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

     A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San

United States District Court
For the Northern District of California

1  Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

2  omitted).  A supervisor therefore generally "is only liable for

3  constitutional violations of his subordinates if the supervisor

4  participated in or directed the violations, or knew of the

5  violations and failed to act to prevent them."  Taylor v. List, 880

6  F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable for

7  implementing "a policy so deficient that the policy itself is a

8  repudiation of constitutional rights and is the moving force of the

9  constitutional violation."  Redman, 942 F.2d at 1446; see Jeffers

10 v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

11      Because Plaintiff has not linked Defendant Tillman or any

12 other Defendant to his claims, no claim for damages can proceed

13 unless Plaintiff amends his complaint to cure this pleading

14 deficiency.

15      Plaintiff also identifies "Does 1-100" as Doe Defendants.  The

16 use of "Doe" to identify a defendant is not favored in the Ninth

17 Circuit.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

18 1980).  However, where the identity of alleged defendants cannot be

19 known prior to the filing of a complaint, the plaintiff should be

20 given an opportunity through discovery to identify them.  See

21 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

22      Accordingly, the claims against the Doe Defendants are

23 DISMISSED from this action without prejudice.  Should Plaintiff

24 learn their identities, he may move to file an amended complaint to

25 add them as named defendants.  See Brass v. County of Los Angeles,

26 328 F.3d 1192, 1195-98 (9th Cir. 2003).

27 IV.  Exhaustion

28      Another question which must be answered before Plaintiff can

6

proceed with any claims for monetary damages is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner fully exhausts while the suit is pending. <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 122 S. Ct. 983, 992 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 988; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Id.</u> at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. <u>See Porter</u>, 122 S. Ct. at 988.

A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.

<u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir.), <u>cert. denied</u>, 124 S. Ct. 50 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  <u>Id.</u>

Plaintiff states that his grievances at the informal level of appeal were "unanswered."  (Compl. at 2.)  He alleges that he did not present his claims for review through SQSP's grievance procedures due to "time constraints."  (<u>Id.</u>)  Furthermore, Plaintiff concedes that he did not pursue any of his claims to the highest level of appeal available to him.  From the face of the complaint, therefore, it appears that his claims are unexhausted and subject to dismissal.  If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's action for injunctive relief is dismissed without prejudice to bringing it in as a new action against jail officials at Alameda County Jail, if the alleged denial of adequate medical and dental care is continuing at his current place of incarceration.

2.    If Plaintiff wishes to bring any claims for monetary damages, he must amend his complaint:  (1) to state that he seeks such damages; (2) to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right; and (3) to allege facts which show that he exhausted all available administrative remedies with respect to

1  these claims before he filed this lawsuit.

2      3.   Defendant Tillman has not been linked to Plaintiff's

3  claims.  Accordingly, Plaintiff's claims against Defendant Tillman

4  are DISMISSED with leave to amend.  If Plaintiff intends to pursue

5  an exhausted claim or claims against Defendant Tillman, he shall

6  file an amended complaint containing such allegations, as

7  instructed above.

8      4.   Plaintiff's claims against the Doe Defendants are

9  DISMISSED from this action without prejudice.

10     5.   Within thirty (30) days from the date of this Order

11 Plaintiff may file an amended complaint as set forth above.

12 Plaintiff must use the attached civil rights form, write the case

13 number for this action on the form, clearly label the complaint

14 "Amended Complaint," and complete all sections of the form.

15 Plaintiff's failure to file an amended complaint will result in the

16 dismissal of this action without prejudice for failure to state a

17 claim upon which relief may be granted.

18     6.   The Clerk of the Court shall send Plaintiff a blank civil

19 rights form along with a copy of this Order.

20     IT IS SO ORDERED.

21 DATED: 10/17/08    _____
                     CLAUDIA WILKEN
22                   United States District Judge

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MITCHELL R. BENEDICT,

            Plaintiff,

   v.

DIRECTOR OF CORRECTIONS et al,

            Defendant.
_____/

Case Number: CV07-06259 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mitchell Ralph Benedict  K37907
AQK702
Alameda County Jail
5325 Broder Blvd, 32DZ
Dublin,  CA 94568

Dated: October 17, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California