IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL R. BENEDICT, | No. C 07-06259 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| v. | |
| TILLMAN, Director of Corrections, | |
| Defendant. | |
| _____/ | |

    Plaintiff Mitchell R. Benedict, a state prisoner, filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. He has been granted leave to proceed in forma pauperis.

    The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff asserted that he was subjected to violations of his constitutional rights at San Quentin State Prison, due to inadequate living conditions as well as the denial of adequate medical and dental care by prison officials. First, Plaintiff's action for injunctive relief was dismissed without prejudice. The Court also found that Plaintiff failed to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right. (Oct. 17, 2008 Order at 4-5 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).) Plaintiff named "Director of Corrections Tillman"; however, Defendant Tillman was not linked specifically to the allegations in the body of the complaint. Plaintiff was warned

that a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Oct. 17, 2008 Order at 6 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).) Plaintiff also named "Does 1-100" as Doe Defendants, but the Court dismissed Plaintiff's claims against the Doe Defendants without prejudice to moving to file an amended complaint should he learn their identities. The Court stated: "Because Plaintiff has not linked Defendant Tillman or any other Defendant to his claims, no claim for damages can proceed unless Plaintiff amends his complaint to cure this pleading deficiency." (Oct. 17, 2008 Order at 6.) The Court further noted that Plaintiff's claims appeared to be unexhausted and subject to dismissal because he alleged that "he did not present his claims for review through SQSP's grievance procedures due to 'time constraints.'" (Id. at 8.) Therefore, the Court dismissed the complaint with leave to amend to cure these pleading deficiencies. In amending, Plaintiff was directed to: allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right; and allege facts which show that he exhausted all available administrative remedies with respect to these claims before he filed this lawsuit. The Court granted Plaintiff thirty days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action.

Plaintiff subsequently filed an amended complaint. Plaintiff claims that Defendant Tillman "is responsible for and thus proximately caused the deprivation of Plaintiff Benedict's right to adequate living conditions by omission of, or negligence to the

2

duties inherent to his directorship."  (Am. Compl., Attach. at 1.)
There is, however, no respondeat superior liability under § 1983
solely because a defendant is responsible for the actions or
omissions of another.  See Taylor, 880 F.2d at 1045.  Therefore,
the Court finds that Plaintiff has failed to name the individually
responsible defendants and to link them specifically to his claims.
Furthermore, while Plaintiff states that he "appealed to the
highest level of appeal available," he has failed to explain how he
exhausted his administrative remedies with respect to any alleged
claims before he filed suit.  He states that "multiple CDC 602s
went unanswered" and that he "paroled from SQSP on 12-26-08 and
never got responses to [his] appeals there or through [his] parole
agents."  (Am. Compl. at 2.)

The Court has reviewed Plaintiff's amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to amend.  Accordingly, Plaintiff's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/1/09

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MITCHELL R. BENEDICT,

      Plaintiff,

v.

DIRECTOR OF CORRECTIONS et al,

      Defendant.

Case Number: CV07-06259 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mitchell Ralph Benedict K37907
San Quentin Prison
G149
San Quentin, CA 94974

Dated: July 1, 2009

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk